# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| JOYCE ANN ROBERTS, an individual, | Case No. 2:19-cv-00509-MMD-GWF |
| Plaintiff, | ORDER |
| v. | |
| WALMART STORES, EAST, LP, a Foreign Limited Partnership; *et al.*, | |
| Defendants. | |

Petitioning Defendants (collectively, "Walmart") removed this negligence action based on diversity jurisdiction under 28 U.S.C. § 1332(a). (ECF No. 1.) Upon reviewing Walmart's petition for removal ("Petition") (*id.*) and accompanying exhibits (ECF Nos. 1-1, 1-2, 1-3) the Court finds Walmart must show that the amount in controversy requirement under § 1332(a) has been met. *See* 28 U.S.C. § 1332(a) (requiring that a party asserting subject matter jurisdiction pursuant to diversity of citizenship show: (1) complete diversity of citizenship among opposing parties; and (2) an amount in controversy exceeding $75,000); *see also United Investors Life Ins. Co. v. Waddell & Reed Inc.*, 360 F.3d 960, 967 (9th Cir. 2004) ("[T]he district court had a duty to establish subject matter jurisdiction over the removed action *sua sponte*, whether the parties raised the issue or not.").

It is not facially evident from Walmart's Petition that the amount in controversy in this case exceeds $75,000. Walmart asserts that Plaintiff Joyce Ann Roberts seeks $47,597.91 for past medical specials. (ECF No. 1 at 2–3; *see* ECF No. 1-3 at 3–4.) Walmart contends that that amount "coupled with the fact that Plaintiff underwent multiple procedures to her neck" establishes damages in excess of the $75,000 jurisdictional prerequisite. (ECF No. 1 at 2.) However, Walmart appears to rely purely on speculation in concluding that Plaintiff will seek additional damages for medical treatment in excess of

$27,402.09 needed to meet the amount in controversy requirement here. Notably, Plaintiff's request for exemption for arbitration accompanying Walmart's Petition as Exhibit C provides a breakdown of Plaintiff's various medical expenses to date but provides no indication that additional amounts would be over $27,402.09 even with the additional request for pain and suffering. (*See* ECF No. 1-3.) The Court thus questions whether Walmart has met its burden of demonstrating an adequate amount in controversy.

For these reasons, Walmart will be directed to show cause as to why this action should not be remanded for lack of subject matter jurisdiction. Plaintiff may file a response pursuant to Local Rule 7-2.

It is therefore ordered that, within fifteen (15) days from the entry of this order, Walmart must show cause in writing why this case should not be remanded for lack of subject matter jurisdiction.

DATED THIS 10th day of April 2019.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE