UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

JOYCE ANN ROBERTS,

      Plaintiff,

v.

WALMART INC., *et al.*,

      Defendants.

Case No. 2:19-cv-00509-MMD-EJY

ORDER

## I. SUMMARY

Plaintiff Joyce Ann Roberts sued Walmart and its store manager Art Martinez after she slipped, fell and was injured in a Walmart store in Las Vegas, Nevada. (ECF No. 1-1.) Defendants Walmart, Inc. and Walmart Stores East, LP ("Walmart") removed the case (ECF No. 1 (Petition for Removal ("Petition"))), but the Court issued an order to show cause why the case should not be remanded for an insufficient amount in controversy ("Order") (ECF No. 6). Having reviewed Walmart's response to the Order (ECF No. 9) ("Response"), the Court will dismiss this case for lack of subject matter jurisdiction because Walmart has failed to carry its burden to show the amount in controversy requirement is satisfied.[1] Accordingly, the Court will remand this case to the Eighth Judicial District Court.

## II. BACKGROUND

Plaintiff filed her Complaint in the Eighth Judicial District Court in and for the County of Clark (ECF No. 1 at 2). Plaintiff alleges that on February 6, 2017, she injured herself

---

[1] Plaintiff filed a motion to remand for lack of diversity (ECF No. 7) and a motion to amend complaint and remand for the same reason (ECF No. 27). Because the Court disposes of this case on grounds that there is an insufficient amount in controversy, the Court will deny both motions as moot.

during a slip and fall at a Walmart store located at 2310 E. Serene Ave. in Las Vegas. (ECF No. 1-1.) She asserts two claims: (1) negligence; and (2) respondeat superior, negligent entrustment, hiring, training, and supervision (*Id.* at 4, 11.) Plaintiff seeks general and special damages, "[c]osts of this suit," attorneys' fees, and prejudgment interest. (*Id.* at 14-15.) Walmart removed based on diversity jurisdiction (ECF No. 1 at 3-4).

### III.    LEGAL STANDARD

Federal courts are courts of limited jurisdiction, having subject-matter jurisdiction only over matters authorized by the Constitution and Congress. *See* U.S. Const. art. III, § 2, cl. 1; *see also, e.g.*, *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). A suit filed in state court may be removed to federal court if the federal court would have had original jurisdiction over the suit at commencement of the action. *See* 28 U.S.C. § 1441(a). However, courts strictly construe the removal statute against removal jurisdiction, and "[f]ederal jurisdiction *must* be rejected if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (emphasis added). The party seeking removal bears the burden of establishing federal jurisdiction. *See Durham v. Lockheed Martin Corp.*, 445 F.3d 1247, 1252 (9th Cir. 2006).

To establish subject matter jurisdiction pursuant to diversity of citizenship under § 1332(a), the party asserting jurisdiction must show: (1) complete diversity of citizenship among opposing parties and (2) an amount in controversy exceeding $75,000. *See* 28 U.S.C. § 1332(a). Where it is not facially evident from the complaint that $75,000 was in controversy at the time of removal, a defendant seeking removal must prove, by a preponderance of the evidence, that the amount in controversy requirement is met. *See Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1117 (9th Cir. 2004).

Under a preponderance of the evidence standard, a removing defendant must "provide evidence establishing that it is more likely than not that the amount in controversy exceeds" the jurisdictional minimum. *Id.* (internal quotation and citations omitted). As to the kind of evidence that may be considered, the Ninth Circuit has adopted the "practice of considering facts presented in the removal petition as well as any 'summary-judgment-

1 type evidence relevant to the amount in controversy at the time of removal.'" *Matheson v.*
2 *Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003) (quoting *Singer v.*
3 *State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997)). Conclusory allegations
4 are insufficient. *See id.* (citation omitted).

**IV.    DISCUSSION**

Plaintiff does not request a specific amount of damages in the Complaint, instead alleging general damages in excess of $15,000. (*See* ECF No. 1-1.) Thus, Walmart must prove, by a preponderance of the evidence, that the amount in controversy requirement is satisfied. *See Valdez*, 372 F.3d at 1117. Walmart has not made this showing.

Walmart's Response to the Court's Order largely reiterates its Petition—which relied on speculation—and rests on the same thin evidence that this Court indicated was insufficient. In its Petition, Walmart contends that Plaintiff seeks $47,597.91 for past medical specials which, "coupled with the fact that Plaintiff underwent multiple procedures to her neck," establishes damages in excess of the $75,000 jurisdictional prerequisite. (ECF No. 1 at 2 (citing ECF No. 1-3 ( "Plaintiff's Request for Exemption from Arbitration")).) In its Order, the Court highlighted that Walmart relies purely on speculation that Plaintiff will seek an additional damage for medical treatment in excess of $27,402.09 to meet the amount in controversy requirement. (ECF No. 6 at 1-2.) Walmart now contends in its Response that Plaintiff's Complaint seeks, in addition to past medical expenses, (1) future medical expenses, (2) miscellaneous expenses incidental thereto, (3) lost future wages, (4) attorneys' fees, and (5) damages for pain and suffering. (ECF No. 9 at 3-4.) Walmart argues that the amount in controversy will therefore exceed $75,000. (*Id.*)

But Walmart's contention—again—rests on speculation. Walmart omits the fact that the Complaint requests the first three expenses "in a sum presently unascertainable." (ECF No. 1-1 at 11, 15.) Moreover, the Complaint is silent on the amount of attorneys' fees Plaintiff seeks. *See Singh v. Glenmark Phargenerics, Inc.*, No. 2:14-cv-154-GMN-CWH, 2014 WL 4231364, at *2 (D. Nev. Aug. 26, 2014) (denying a defendant's attempt to use plaintiff's request for attorneys' fees to establish amount in controversy because

3

defendant did not provide evidence of an amount or any basis under which an award may have been warranted). Although the Complaint requests damages for pain and suffering in excess of $15,000 (ECF No. 1-1 at 10, 14), Walmart has produced no summary-judgment-type evidence to show that Plaintiff seeks additional damages in excess of $27,402.09 to meet the jurisdictional amount. *See, e.g.*, *Ibarra v. Manheim Invs., Inc.*, 775 F.3d 1193 (9th Cir. 2015) (internal quotation and citation omitted) ("The parties may submit evidence outside the complaint, including affidavits or declarations, or other summary-judgment-type evidence relevant to the amount in controversy at the time of removal." ); *see also McCaa v. Massachusetts Mut. Life Ins. Co.*, 330 F. Supp. 2d 1143, 1150 (D. Nev. 2004) (holding that, where the complaint fails to specify damages, the court will not infer that the amount in controversy exceeds the statutory threshold).

Based on Plaintiff's Request for Exemption from Arbitration, the amount in controversy here is $47,597.91. (ECF No. 1 at 2; ECF No. 9 at 3; ECF No. 1-3 at 3.) This amount is below the jurisdictional minimum. *See* 28 U.S.C. § 1332(a). Therefore, and especially considering that "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance[,]" *Gaus*, 980 F.2d at 566, the Court will remand this case.

**V.    CONCLUSION**

The Court notes that the parties made several arguments and cited to several cases not discussed above. The Court has reviewed these arguments and cases and determines that they do not warrant discussion as they do not affect the outcome of the issues before the Court.

The Court will remand this case for lack of subject matter jurisdiction because Defendants have failed to demonstrate that the amount in controversy requirement is satisfied as required by this Court's Order (ECF No. 6).

It is therefore ordered that Plaintiff's first motion to remand (ECF No. 7) is denied as moot.

///

4

It is further ordered that Plaintiff's second motion to amend complaint and to remand (ECF No. 27) is denied as moot as it relates to remand. The Court declines to address the part of the motion relating to amendment because the Court lacks jurisdiction over this matter.

This action is remanded to the Eighth Judicial District Court in and for the County of Clark.

The Clerk of Court is directed to close this case.

DATED THIS 26th day of September 2019.

MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE