UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| JOYCE ANN ROBERTS, | Case No. 2:19-cv-00509-MMD-EJY |
| Plaintiff, | ORDER |
| v. | |
| WALMART INC., *et al.*, | |
| Defendants. | |

The Court remanded this case for lack of subject matter jurisdiction because Defendants failed to show that the amount in controversy is satisfied as required by this Court's order to show cause (ECF No. 6 ("OSC")). (ECF No. 34 ("Remand Order").) Defendants have filed a motion for reconsideration contending that newly discovered evidence satisfies the amount in controversy. (ECF No. 35 ("Motion").) Nevertheless, the Court will deny the Motion because 28 U.S.C. § 1447(c) precludes reconsideration of remand orders and because this Court has already divested itself of jurisdiction over the case.

## I.    BACKGROUND

Plaintiff Joyce Ann Roberts sued Walmart and its store manager Art Martinez after she slipped, fell and was injured in a Walmart store in Las Vegas, Nevada. (ECF No. 1-1.) Defendants Walmart, Inc. and Walmart Stores East, LP ("Walmart") removed the case on March 25, 2019. (ECF No. 1 (Petition for Removal ("Petition")).) On April 10, 2019, this Court issued the OSC, requiring Walmart to show cause as to why the case should not be remanded for an insufficient amount in controversy. (ECF No. 6.) On April 24, 2019, Walmart timely responded (ECF No. 9 ("Response to the OSC").), but its Response largely reiterated its Petition. (ECF No. 34 at 2.)

On May 16, 2019, Walmart received Plaintiff's initial disclosures, which disclosed $519,559.49 in damages with an estimated $225,000.00 in future damages. (ECF No. 35-4 at 38:9-12.) Plaintiff then supplemented her disclosures to include $600,000.00 in past pain and suffering and $1,400,000.00 in future pain and suffering. (ECF No. 35-5 at 38:15-16.) Despite knowing that the Court had doubts as to whether the amount in controversy requirement has been satisfied, Walmart never amended its Response to the OSC. In fact, Walmart never alerted the Court to Plaintiff's disclosures in any other way before the Court issued its Remand Order on September 26, 2019 (ECF No. 34).[1]

On September 27, 2019, Walmart now brings this Motion contending that Plaintiff's disclosure statements warrant reconsideration of the Remand Order. (ECF No. 35 at 3.) According to the Motion, Plaintiff's case is not a $47,597.91 case, as Walmart and this Court was led to believe, but is now a $2,744,559.49 case. (*Id.*)

## II.    ANALYSIS

Even if the Motion was meritorious, the Court has no power to reconsider its Remand Order. Pursuant to 28 U.S.C. § 1447(c), the Court remanded this case to the Eighth Judicial District Court for lack of subject matter jurisdiction. (ECF No. 34.) Such remand orders are unreviewable "on appeal *or otherwise*," 28 U.S.C. § 1447(d) (emphasis added), which the Ninth Circuit has construed to also preclude reconsideration by the district court. *Seedman v. U.S. Dist. Court for Cent. Dist. of California*, 837 F.2d 413, 414 (9th Cir. 1988); *see also Kircher v. Putnam Funds Tr.*, 547 U.S. 633, 634 (2006) ("Where a remand order is based on one of § 1447(c)'s grounds, review is unavailable no matter how plain the legal error in ordering the remand."). *See generally Powerex Corp. v. Reliant Energy Servs., Inc.*, 551 U.S. 224, 238 (2007) ("Section 1447(d) reflects Congress's longstanding policy of not permitting interruption of the litigation of the merits of a removed case by prolonged litigation of questions of jurisdiction of the district court to which the

---

[1]On April 11, 2019, Plaintiff filed a motion to remand for lack of diversity. (ECF No. 7.) On August 12, 2019, Plaintiff filed a motion to amend complaint and remand for the same reason. (ECF No. 27.) The amount in controversy was not discussed in these motions or in the subsequent oppositions or replies. (ECF Nos. 10, 12, 28, 30.)

cause is removed" (internal quotations and citation omitted).). Moreover, when this Court "certified [its] remand order to state court," it "divested [itself] of jurisdiction," "return[ed] the case to state court," and therefore has no power to correct, vacate or even retrieve the Remand Order. *Seedman*, 837 F.2d at 414. In fact, the Court "can take no further action on the case." *Id.* Accordingly, this Court denies the Motion.[2]

## III.    CONCLUSION

The Court notes that the parties made several arguments and cited to several cases not discussed above. The Court has reviewed these arguments and cases and determines that they do not warrant discussion as they do not affect the outcome of the issues before the Court.

It is therefore ordered that Plaintiff's motion for reconsideration (ECF No. 35) is denied.

Because the Court remanded for lack of jurisdiction, the Court further denies the Walmart's pending motion for fees and costs filed in response to Plaintiff's motion to amend and remand (ECF No. 29).

DATED THIS 23rd day of October 2019.

MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE

---

[2]Walmart's Reply in support of the Motion cites to *Navajo Nation v. Confederated Tribes and Bands of the Yakama Indian Nation*, 331 F.3d 1041, 1046 (9th Cir. 2003) for the proposition that "[w]hether or not to grant reconsideration is within the sound discretion of the district court." (ECF No. 37 at 2.) But the Plaintiffs there initiated their action in federal court under federal question jurisdiction. Unlike *Navajo Nation*, the current case is a removed action involving 28 U.S.C. § 1447(d), which bars courts from reconsidering remand orders.